May I please the court, my name is Jeremiah Donovan, I've been appointed to represent Steven Gonzalez during the course of this appeal. There's one little housekeeping matter that I probably should mention but I don't think it really has much effect on the appeal is that Gonzalez has pled guilty to another case in the Western District of New York and I think as part of that plea agreement the prosecutor and the defense will try to argue to persuade the sentencing judge that he should get time concurrent with this case. I don't think that has any effect on the appeal other than perhaps consoling me on the off chance that I might not prevail on this appeal. So I just thought I should raise that. Unless the court directs me differently what I'd like to do is to concentrate on what I think is my most persuasive, more persuasive argument and that even though it has less to do with the actual calculation of the guidelines and that is the obstruction of justice enhancement. It's my stronger argument because my standard review there is not as difficult for me as in some of the other arguments that I make. There's really no dispute about the facts concerning the obstruction. There's this fellow Lapp who is pals with Gonzalez and as you'll see he's the victim in this case. Soon after he does that a Buffalo police detective goes out and asks him about it. He doesn't have any, he doesn't know that the Buffalo detective is coming out and he makes up a story and the story is kind of a standard druggy story. That is Lapp and Gonzalez are close. Lapp drives him around to his dialysis appointments. Gonzalez is Lapp's main source of heroin. So he tells him, he's trying to protect Gonzalez and he says that he got the drugs from Freddie Maldonado. Now those of us who have been prosecutors know that when someone raises a what I call a dotty defense, the other dude done it defense, it's always somebody who is about to die, who will be dead by the time of the trial. The other dude is that and that's Maldonado. Maldonado is dying. So when he tells him that, that's a lie and he's doing it to protect Gonzalez but there's no indication Gonzalez knew that he was going to do that. Then what Lapp does is he changes the contact information in his phone so that Unk, who is Gonzalez, now becomes Maldonado. I thought there was evidence that Gonzalez told him to stick to the story. Right, he does. He told him to stick to the story that Maldonado told him. Okay and that jumps to the end. So they do a consensual telephone call and he says, the feds don't believe me and Gonzalez says, why don't they believe you? What's the truth? No, go ahead and finish. And so then what Gonzalez says is, you got to stick to the story. Stick to the story, that's what he says. That doesn't satisfy the... Why not? Because here's what the guideline says. The guideline says, lying to police officers is not an obstruction of justice unless it's under oath or unless it has the effect of really complicating the investigation. Well, let's take a step back. He told him everything that was going on all along. There was a hearing on page 164 of the appendix. Mr. Lapp says when he's asked, so he told him he talked to the police. I told him everything that happened. Every time something happened, I would call him and tell him right afterward. And he was aware that you're going to tell her this story about Mal Donato. Yes. And then when he changed his phone to switch, so it looked like Freddie was the contact. Did you tell Gonzalez that you were going to do this? It's on page 167. I'm sure. And then emphasize, did you discuss you're going to do that with Gonzalez prior to actually changing the number? Yes. And then it all culminates then in this, when he speaks to the detective and decides that he's going to make this recorded call, stick to the story. It's just what Lapp said had been going on. But, okay, so there's two parts to that. One is the changing of the numbers and the other part is stick to the story. Gonzalez telling him to stick to the story is telling, he doesn't tell him I'm going into the grand jury. He doesn't tell him I'm going to testify. You know, Mr. Donovan, you know that obstruction does not mean you have to go into the grand jury. If you're trying to have the police focus on a different target, that's certainly obstruction, Justice. You would agree with that, right? No, no, I don't because the guidelines don't say that. The guidelines specifically say that lying to police officers is not an obstruction unless it's under oath or unless it unduly complicates the investigation. So why does it unduly complicate the investigation? Because they did not believe him for one second. They didn't even go out and invest and talk to Maldonado. What they do is they, they do what prosecutors do, what we used to do. They hand him a grand jury subpoena. You know, Ben Franklin said that nothing concentrates a person's attention as the prospect of being hanged in the morning. Well, nothing concentrates a liar's attention other than giving a grand jury subpoena. He doesn't go into the grand jury though. What they do is what we do. They sit him outside the grand jury and they say, why don't we just have a talk? You know, why don't you just have a talk with the investigator? And he enters into the full cooperation that he will eventually, that will eventually result in his hanging. If you attempt to impede a government investigation, the fact that they're not actually impeded doesn't mean it's not obstruction of justice. But I think, well, we just, I have to disagree, Judge. I think that. Well, let me cite you cases. This is a case, this Arraya's case where we, it was a prison call and we said it was permissible for the district court to conclude by preponderance of the evidence that the defendant willfully impeded the investigation into the murder by encouraging the co-defendant to lie. The note, the note four says that it includes obstruction of justice includes unlawfully influencing co-defendant or a witness directly or indirectly or attempting to do so. So if you attempt to have someone tell a story to impede an investigation, the fact that the police officers were able to figure out on their own that it's a lie, it doesn't mean you didn't attempt to obstruct justice. Judge Bianco, here's what I rely on, something a little bit different. Application note 5b to the obstruction, to the obstruction section says false statements made to law enforcement officers not under oath are not, do not fall within the obstruction of justice. That might add to the false statement, but what about encouraging someone to lie to the police? Well, I can't. In other words, if the police come to my door and say, did you shoot Delvermo? I can say, I didn't shoot Delvermo and that's not obstruction of justice, right? Even if I'm the shooter, right? Right. Right. But if I, but if someone, if I'm with someone and they're my co-conspirator in shooting Delvermo and I turn to my co-conspirator and say, don't you dare tell the police this. And then he calls me later and says, the cop tripped my door. I say, remember, I told you, do not tell them that I'm the shooter. Let me finish. I didn't interrupt you. No, you just wait. Okay. Go on Chuck. All right. Isn't that different than simply the false statement that you're relying on? Yes and no. I mean, you're making it now sound like a threat and that's different. That's different. And I think that's, that may be a different. All right. We'll take the threat out of it. Will you please continue to lie for me? If the police show up, if the police show up and ask you this, would you lie for me? I don't think that's an obstruction of justice because his lying to the police under the guideline isn't an obstruction. So how could my asking him to do it? Let me ask you a question. If we have a case like Felice where we've said that influence, that someone influences their friends to lie to police in order to report a false alibi. And we think that Felice fits this more than the, than the guidelines don't. Don't we have to follow Felice? Yeah. I'm not sure if I can remember whether whether there's more to Felice than just lying, than just lying to police officers. All right. And I think, I think you've got to follow, I think you've got to follow the guidelines. All right. And, and, and, and judge, this is a, this is a, this is a different kind of case. There, there is, I'm hoping you'll review the transcript of the fellow's testimony, the parts in which he talks about the obstruction isn't very long. He's not saying Gonzalez told me to do this. All he's doing is saying, I kept him informed about this. I told him what I was going to do. And there's no indication either that Gonzalez knew that eventually he would go into the grand jury. All right. Thank you. I've used up too much of your time. Thank you. Thank you, Mr. Donovan. Okay. We'll hear from the government. Ms. Lee. Good morning. May it please the court. My name is Tiffany Lee and I represent the United States. I just wanted to remind the court that the standard under which we are supposed to be viewing these proceedings is whether or not the district court clearly erred in its findings that first of all, that death resulted as a but for consequence of Gonzalez's heroin and fentanyl. And secondly, what that, the obstruction of justice occurred when Mr. Gonzalez told Roman Lab to stick to a story of which he had been apprised of by Mr. Gonzalez that included the fact that the drugs had been provided by Freddie Maldonado when Mr. Gonzalez knew that he was the distributor of the heroin and fentanyl, which led to the death of the victim. It cannot be said when viewing the evidence that there is a firm and definite conviction that a mistake has been committed by the district court. Accordingly, your honors, this court should affirm Mr. Gonzalez's sentence of 180 months imprisonment unless this court has any further questions. Can you just respond? Mr. Donovan's fundamental point is that he believes that simply lying to the detective is not sufficient to support the obstruction enhancement. What's your response to that? My response is that that's not what happened here. This is a circumstance when the stick to the story was being told specifically directly to the defendant. Excuse me, the defendant is the one telling a co-defendant, a co-accused, a potential witness to the crime to stick to the story. And as Judge Bianco, you had mentioned, application note 4A specifically talks about unlawfully influencing a co-defendant witness or attempting to do so. Accordingly, that fits here. So if the detectives, for whatever reason, were not fooled, it's still an attempt? Correct. There's nothing in the application note that says anything about the fact of whether or not, you know, the law enforcement reaction to that influences credible or not credible or anything along those lines. Here, in a consensual call, Mr. Lapp specifically told Mr. Gonzalez, they are not believing me. They're telling me to get an attorney. You know, I'm telling them it's Freddie, but they're not believing me. And, you know, on more than one occasion in the call, Mr. Gonzalez replies, you gotta stick to the story. You gotta stick to the story. Because they'll think you can be pushed if you Mr. Donovan is saying that 4G applies here that you're providing materially, you're applying materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the incident of offense. That that has to, that is one of the requisites. And that then in 5C, it says providing misleading information not amounting, I'm sorry, B, making, it's not, it's not covered if it's making a false statement not under oath to a law enforcement officer unless application note 4G, which is the one I just referred to, Now, but then there's a case that talks about attempts. So, you know, an attempt to do something that doesn't ultimately, factually impede is presumably actionable under that case. So where are we as far as the law is concerned? Leave this case out of it. Just where do you think the law is in this area? I don't see there necessarily being a disconnect between 4B, which was said, which accepts statements that are materially false information that would significantly obstruct or impede the official investigation or prosecution of the incident offense from the general 4A, which just talks about any threats, intimidations, or unlawful influences of influencing a co-defendant witness or juror directly, or even indirectly, or attempts to do so. I think basically 4A is giving you an exemplar. That's what would be considered covered conduct. It is broad because there's lots of circumstances that could fit into that. And then there are specific circumstances involving false statements directly to law enforcement. But the point is, as Judge Wesley pointed out, if lap just goes in there, they say, were you involved in this? He says, no, that's not obstruction of justice, just lying to the officer. Correct. But if he's communicating with another individual who encouraged him to go in there and lie to cover that other individual's involvement, you have at least an attempt to impede the investigation by targeting the wrong person. Correct? Correct. All right. Thank you. Thank you. Mr. Donovan, you have two minutes in rebuttal. But I still say that in the situation that you just described, the result has to be that you have actually impeded. So you don't like the fact that it says attempt? You want to just read that out? I'm not really, but I don't think I'm really, I don't think I'm really reading it out. I'm just saying, first of all, we're talking about the guidelines, not a statute anyway, okay? And we're talking about whether there should be an enhancement. And why should there be an enhancement is because when you make a false statement like this, even if the police believe you, or even if they follow up on it a little bit, you're wasting investigative resources, you're going down the wrong road. But you don't know that he doesn't. I mean, when he makes the statement, he doesn't know where it's going to go out. His culpability, if you want to use the word, exists independently, it seems to me, as a consequence. Well, no, but if I, if I, if I, if I, it's going to lead to an obstruction. That is the investigation, or the resources will be wasted, or a grand jury will be informed, falsely informed, or that kind of thing. It seems to me that that should be enough. No, but if, let's say, let's say it's an attempted murder, okay? If I, if I, if I ask somebody to attempt to murder, and they don't murder, well, an attempted murder may have taken place, but the murder hasn't taken place. Here, if I attempt to obstruct justice, but part of the, part of the requirement is that I actually cause the police to waste all their time, I just don't think, you know my, you know my position anyway. It's pretty clear. Thank you, Mr. Diamond. Thank you, Mrs. Lee. We'll reserve decision. Have a good day. Thank you, Your Honor.